AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

**FILED**
AUG 26 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ np _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Clemente Leon -1 | Case Number: 15-cr-01326-JAH-1 |
| | Marc Xavier Carlos |
| | Defendant's Attorney |

**REGISTRATION NO.** 44659298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) One of the Information.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18:545; 18:2 | Importation contrary to Law | 1 |
| 18:982(a)(2)(B) | | |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s)
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $100.00.

☒ No fine    ☒ Forfeiture pursuant to order filed __8/18/15__ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

August 17, 2015
Date of Imposition of Sentence

_[signature]_
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

15-cr-01326-JAH-1

AO 245B (CASD) (Rev. 4/14)    Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 4

DEFENDANT: Clemente Leon -1
CASE NUMBER: 15-cr-01326-JAH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of One hundred twenty days.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☒ before 9/21/15 @ 2:00 PM or to the US Marshal in San Diego if not designated.

　☒ as notified by the United States Marshal.

　☒ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

　Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

15-cr-01326-JAH-1

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __4__

DEFENDANT: Clemente Leon -1
CASE NUMBER: **15-cr-01326-JAH-1**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
three years.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**15-cr-01326-JAH-1**

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 4 — Special Conditions

Judgment—Page __4__ of __4__

DEFENDANT: Clemente Leon -1
CASE NUMBER: **15-cr-01326-JAH-1**

## SPECIAL CONDITIONS OF SUPERVISION

[X] Submit person, property, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

[ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within  24  hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

[ ] Not transport, harbor, or assist undocumented aliens.

[ ] Not associate with undocumented aliens or alien smugglers.

[ ] Not reenter the United States illegally.

[X] Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

[X] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[ ] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[ ] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[ ] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within ____ days.

[ ] Complete ____ hours of community service in a program approved by the probation officer within ____

[X] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of  five months. (punitive).

[ ] Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

**FILED**

AUG 1 8 2015

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ acc _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15cr1326-JAH |
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| CLEMENTE LEON, | |
| Defendant. | |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific property of the above-named Defendant, CLEMENTE LEON ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(2)(B), as property constituting or derived from proceeds obtained directly or indirectly as the result of the commission of the offense of Importation Contrary to Law, in violation of Title 18, United States Code, Sections 2320, 545 and 2, as charged in the Information; and

WHEREAS, on or about May 22, 2015, Defendant pled guilty before Magistrate Judge William V. Gallo to an Information, which plea included a consents to the forfeiture allegation of the Information and an agreement to the entry of a judgment of $50,000.00 against the Defendant in favor of the United States as a substitute asset for property otherwise subject to forfeiture pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), and forfeiture of the following:

//

1  the counterfeit merchandise seized during the search of defendant's residence and counterfeit merchandise shipped to the defendant but
2  intercepted by U.S. Customs from the mails, which is contraband; and

3  WHEREAS, on August 6, 2015, this Court accepted the guilty plea of
4  Defendant; and

5  WHEREAS, all of the above-referenced counterfeit merchandise is in the
6  process of being administratively forfeited by Homeland Security Investigations; and

7  WHEREAS, by virtue of the admissions of the Defendant set out in the plea
8  agreement and guilty plea, the Court determined that $50,000.00 (U.S. dollars)
9  represents the proceeds the Defendant obtained directly or indirectly as a result of the
10 violation of 18 U.S.C. §§ 2320, 545 and 2, as charged in the Information; and

11 WHEREAS, by virtue of said guilty plea and the Court's findings, the
12 United States is now entitled to an Order of Forfeiture against the Defendant in the
13 amount of $50,000.00, pursuant to 18 U.S.C. §§ 982(a)(2)(B), 21 U.S.C. § 853 and
14 Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

15 WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture
16 addendum, the United States has established the requisite nexus between the
17 $50,000.00 and the offense; and

18 WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required
19 to the extent that the forfeiture consists of a money judgment;" and

20 WHEREAS, the United States, having submitted the Order herein to the
21 Defendant through his attorney of record, to review, and no objections having been
22 received;

23 Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

24 1.   Homeland Security Investigations shall administratively forfeit and
25 dispose of the following:

26 The counterfeit merchandise seized during the search of defendant's residence and counterfeit merchandise shipped to the defendant but
27 intercepted by U.S. Customs from the mails, which is contraband; and

28 //

2. Defendant CLEMENTE LEON shall forfeit to the United States the sum of $50,000.00 pursuant to 18 U.S.C. §§ 982(a)(2)(B); and

3. Judgment shall be entered in favor of the United States against Defendant CLEMENTE LEON in the amount of $50,000.00, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

4. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment; and

5. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

6. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

7. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $50,000.00 to satisfy the Court's judgment in whole or in part; and

8. The United States may take any and all actions available to it to collect and enforce the judgment.

IT IS SO ORDERED.

DATED: 8/17/15

JOHN A. HOUSTON, Judge
United States District Court